IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS

FILED
SALINE COUNTY
CIRCUIT CLERK
2012 NOV 28 AM 11: 46
BY: _CMC_

ANDREW BEASLEY                                                          PLAINTIFF

VS.                                    NO. CV- 12-929-2
                                                63

JERRY WAYNE INGRAM and
UNITED EXPRESS, A Division
of the PICTSWEET COMPANY                                          DEFENDANTS

## C O M P L A I N T

Comes now the Plaintiff, Andrew Beasley, by and through his attorneys, The Boswell Law

Firm, and for his Complaint, states:

### I. PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff brings this lawsuit pursuant to this Court's jurisdiction over personal injury

claims predicated on negligence, and such jurisdiction is established under Article 7, § 11 of the

Constitution of the State of Arkansas and granted by Arkansas Code Annotated § 16-13-201, *et seq*.

Personal jurisdiction exists over the Defendants.

2.      Venue is proper under Arkansas Code Annotated § 16-60-112 in that Plaintiff was

at the time of the accident giving rise to this litigation, and at all times pertinent hereto, a resident

of Saline County, Arkansas.

3.      Plaintiff, Andrew Beasley, resides at 2929 Lakeside Drive; Benton, AR 72019.

4.      Upon information and belief, Separate Defendant, Jerry Wayne Ingram, resides at 48

Daybreak Cove; Oakfield, TN 38362.

5.      Upon information and belief, Separate Defendant, United Express, A Division of

Pictsweet Company, is a Delaware corporation with its principal place of business at 10 Pictsweet

Drive; Bells, TN 38006-4274. Its registered agent of service is Laird R. Jones, at the same address.

## II.   STATEMENT OF FACTS

6.      Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through

5 hereinabove.

7.      On September 4, 2011, Andrew Beasley was operating his 2008 Ford F150 Pickup

on Interstate 30 in Pulaski County, Arkansas, in the outside west bound lane.  Catalina Scott was

riding as a passenger in this vehicle.

8.      Suddenly, and without warning, an eighteen wheeler traveling in the middle west

bound lane, which had a flat tire on an axle, fish-tailed into Mr. Beasley's lane and in front of Mr.

Beasley's vehicle, causing the Beasley vehicle to collide with, and be pinned underneath, the rear

right axle of the trailer.  The tractor trailer then proceeded to drag the Beasley vehicle down the

highway for approximately 765 feet, before both vehicles came to rest on the right shoulder.

9.      As a direct and proximate result of this collision, Andrew Beasley was knocked

unconscious and suffered serious and debilitating injuries to his body.  Specifically, he suffered

fractures to his left arm (humerus) and left leg (tibia, fibula, and ankle), lacerations and fractures to

his face, a laceration to his spleen, and miscellaneous bruises and abrasions to the body as a whole.

He also suffered a concussion and was unconscious at the scene.  He was air lifted from the scene

and transported to the emergency room, where he was intubated and remained hospitalized for

approximately 17 days.  He has had multiple surgeries and has struggled through his recovery

periods.  To date, he has incurred in excess of $182,185.78, and is continuing to incur medical bills

and related expenses.  His injuries to the body as a whole are permanent in nature, and he has

2

experienced pain, suffering, mental anguish, economic damages, and other damages more specifically set forth below.

### III. NEGLIGENCE OF JERRY WAYNE INGRAM

10.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 9.

11.     Separate Defendant, Jerry Wayne Ingram, had a duty to other drivers on the road to observe ordinary care and to follow the traffic laws of the State of Arkansas.  Separate Defendant Ingram was negligent, which was a proximate cause of the accident giving rise to this cause of action, and which negligence consisted of, but was not limited to, the following:

  (a) Failure to keep a proper lookout for other drivers on the road;

  (b) Driving in a manner that constituted inattentiveness, and such inattentiveness was not reasonable and prudent in maintaining vehicular control;

  (c) Failing to maintain control of his vehicle;

  (d) Failing to properly inspect and maintain the tires on his vehicle and trailer;

  (e) Failing to keep his vehicle in the proper lane of travel;

  (f) Failing to properly assess whether it was safe to make a lane change, prior to attempting it;

  (g) Failing to use reasonable and ordinary care under the circumstances; and

  (h) Any other acts or omissions of negligence as the proof in this cause may bear out, all of which are against the laws of the State of Arkansas.

3

### IV. IMPUTATION OF LIABILITY TO UNITED EXPRESS

12.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 hereinabove.

13.     Plaintiff respectfully submits that, at the time of this accident, Ingram was acting in the course and scope of his employment with United Express.  Accordingly, any negligence on the part of Ingram which was a proximate cause of the damages prayed herein is imputed as a matter of law to United Express.

### V. INDEPENDENT ACTS AND OMISSIONS OF NEGLIGENCE ATTRIBUTABLE TO UNITED EXPRESS

14.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 hereinabove.

15.     Plaintiff respectfully submits that the negligence of Separate Defendant, United Express, was a proximate cause of the accident giving rise to this cause of action, and which negligence consisted of, but was not limited to, the following:

        (a)     Failure to inspect and maintain the tires on the tractor trailer rig involved in the accident; and

        (b)     Any other act/omission constituting negligence on its part as the proof in this cause may bear out; all of which are against the laws of the State of Arkansas.

### VI. DAMAGES OF ANDREW BEASLEY

16.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 15.

17.     As a direct and proximate result of the liability of the Defendants herein, Andrew Beasley has suffered damages as follows:

(a)     He has experienced and will continue to experience pain, suffering, and mental anguish in connection with his injuries;

(b)     He has incurred and will continue to incur medical, paramedical, hospital, physical therapy, and pharmacy bills;

(c)     He has suffered a permanent injury to the body as a whole, by virtue of his various fractures, surgeries, prolonged healing periods, and chronic pain;

(d)     He has suffered anatomic impairment to the body as a whole and to his upper and lower extremities;

(e)     He has suffered scarring, disfigurement, and the visible signs of injury;

(f)     He has suffered property damage to his 2008 Ford F150 Pickup;

(g)     He has suffered lost income;

(h)     He has suffered a loss in future income, or alternatively, a loss in future earning capacity; and

(i)     He has suffered any and all other elements of damages as compensable under Arkansas law as the proof in this cause may bear out.

18.     Andrew Beasley has suffered damages in this case, as set forth in the preceding paragraph, in an amount exceeding the jurisdictional requirement for federal courts.

## VII.  JURY DEMAND

19.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 hereinabove.

17.    Plaintiff demands a trial by jury in this matter pursuant to the Arkansas State

Constitution, Article 2, section 7, and Rule 38 of the Arkansas Rules of Civil Procedure.

**WHEREFORE**, Plaintiff, Andrew Beasley, prays that he be awarded damages against the

Defendants, Jerry Wayne Ingram and United Express, A Division of Pictsweet Company, jointly and

severally, in an amount in excess of that required to invoke federal jurisdiction in diversity of

citizenship cases; for a trial by jury; for his costs expended herein; for pre-judgment interest on any

amount reasonably ascertainable at the time of loss; for post-judgment interest; and for any and all

just and proper relief to which he may be entitled.

Respectfully Submitted,

THE BOSWELL LAW FIRM
Attorneys for Plaintiff

BY:    Ted Boswell, AR Bar #58003
John Andrew Ellis, AR Bar #99012
Post Office Box 798
Bryant, AR 72089-0798
(501) 847-3031
Fax (501) 847-4354

6